UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALEX VOLINO, § | |
|     *Petitioner*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:16-CV-03544 |
| § | |
| LORIE DAVIS, § | |
| Director of the Texas Department of § | |
| Criminal Justice - Correctional § | |
| Institutions Division, § | |
|     *Respondent*. § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Alex Volino, a Texas state inmate, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his state convictions for driving while intoxicated. Dkt. 1. The matter was referred to this magistrate judge for report and recommendation by District Judge Lynn N. Hughes. Dkt. 4. The Court previously suggested Volino's petition be dismissed. Dkt. 6. Volino objected to the recommendation on grounds that his show-cause response was mailed to the clerk, but never docketed. The Court has considered his response and recommends the objections be overruled and petition dismissed as time-barred.

Volino was convicted in the 359th District Court for Montgomery County, Texas, in September 2010. Volino did not appeal his conviction and did not seek discretionary review. Dkt. 1 at 3. Volino filed a state habeas application on October 27, 2016, which was denied without written order on November 16, 2016. *Id.* at 4. Volino's objections are without merit. Volino suggests that his petition is not time-barred because recent United

States Supreme Court decisions *McNeely*[1] and *Birchfield*[2] are retroactively applicable to his conviction. Dkt. 7-1 at 2. These decisions do not overcome the near insurmountable standards for retroactivity set forth in *Gideon*[3] and *Teague*[4]. Because Volino's conviction became final in 2010, and his 2016 state habeas application did not toll the limitation period, his petition should be dismissed as time-barred.

## CONCLUSION

For these reasons, the Court recommends that Volino's objections be overruled and petition be denied with prejudice.[5] All remaining motions should be determined as moot. The Court further finds that Volino has not shown that it is debatable whether this Court is correct in its ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the Court recommends that a certificate of appealability not issue.

The parties have 14 days from service of this memorandum and recommendation to file written objections. Failure to timely object will preclude appellate review of factual findings or legal conclusions, except plain error. See Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas, on March 3, 2017.

Stephen Wm Smith
United States Magistrate Judge

---

[1] *Missouri v. McNeely*, 133 S.Ct. 1552 (2013).
[2] *Birchfield v. North Dakota*, 136 S.Ct. 2160 (2016).
[3] *Gideon v. Wainwright*, 83 S.Ct. 792 (1976).
[4] *Teague v. Lane*, 489 S.Ct. 1060 (1989).
[5] The Court's previous recommendation of dismissal (Dkt. 6) is hereby vacated.